COURTESY COPY

1  BARRY J. PORTMAN
   Federal Public Defender
2  JOYCE LEAVITT
   Assistant Federal Public Defender
3  555 12th Street, Suite 650
   Oakland, California 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for Defendant ROBERTSON

FILED
DEC 0 9 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05 00086 MJJ |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER TERMINATING SUPERVISED RELEASE |
| v. | |
| WAYNE J. ROBERTSON, | |
| Defendant. | |

## STIPULATION

The government and defendant Wayne J. Robertson, through their respective counsel, Stephen G. Corrigan, and Joyce Leavitt, hereby stipulate that the Court may immediately terminate the three year term of supervised release of Wayne J. Robertson, pursuant to 18 U.S.C. § 3583(e)(1) in the above-referenced case.

Wayne Robertson pled guilty in December, 2001, in the Northern District of Indiana, to a violation of 18 U.S.C. §922(o)(1), possession of a machine gun in case number 1:99-CR-43. On December 21, 2001, he was sentenced to twenty-four months in custody, three years of supervised release, a $5000 fine, and $100 special assessment. At the time of his guilty plea, Mr. Robertson was 64 years old, with absolutely no criminal history. Mr. Robertson had lived in Indiana before

STIP. & ORDER TERMINATING
SUPERVISED RELEASE
- 1 -

1. moving to California. He was a collector of guns who received the machine guns from a friend and
2. fellow gun collector as collateral for a loan. The firearms were in gun cases at the time that he
3. received them, and Mr. Robertson was not aware that the weapons were machine guns. Mr.
4. Robertson kept the weapons properly stored in the cases and locked in a storage unit. Ultimately,
5. when he took the guns out of their cases to examine them, he learned that they were automatic
6. weapons. Mr. Robertson was eligible to obtain a gun license but the collector's license was no
7. longer available and the dealer's license was too expensive. Mr. Robertson subsequently spoke with
8. a dealer at a gun show about selling the guns and was told that without a license he could not
9. lawfully sell or transfer them. Mr. Robertson kept the guns rather than selling them unlawfully
10. because he was concerned that the guns could be used to harm others. When he moved to
11. California, his ex-wife found the guns in a locked storage unit in Indiana and called the Bureau of
12. Alcohol, Tobacco and Firearms to report the guns.
13.     Mr. Robertson completed his twenty-four month sentence and started his three year term of
14. supervised release on June 25, 2004. Mr. Robertson has been supervised by the United States
15. Probation Office for the Northern District of California. Jurisdiction was transferred here on
16. February 15, 2005, and the case number assigned to the case is now CR 05-00086 MJJ. Since his
17. release, Mr. Robertson has abided by all of the conditions of supervised release, including payment
18. of the $5000 fine and $100 special assessment. Mr. Robertson would like his supervised release to
19. be terminated early, however, so that he can travel for his consulting business. Mr. Robertson's
20. expertise is in the area of engineering and electronic design packaging and his business requires
21. extensive travel throughout the year. Mr. Robertson is scheduled to travel to Seattle, Washington,
22. and Minneapolis, Minnesota, within the next few weeks. Although his probation officer has allowed
23. him to travel for work, there are often changes in the itinerary and Mr. Robertson's ability to travel
24. has been limited because of being on supervised release.
25.     The factors set out in 18 U.S.C. §3553(a) support a determination that Mr. Robertson should be
26.

STIP. & ORDER TERMINATING
SUPERVISED RELEASE

- 2 -

allowed to terminate his supervised release early. The nature and circumstances surrounding the offense are described above. Mr. Robertson did not possess the automatic weapons in order to hurt anyone or commit any other crime, but rather the guns were given to him and then he was unable to lawfully sell them. He chose to keep the guns rather than sell them unlawfully on the street. Mr. Robertson is a 67 year-old man who has no other criminal history aside from his possession of the automatic weapons in this and the Indiana case. He has been employed and hard-working his entire life. The nature and circumstances of the offense, as described above, support early termination.

Second, Mr. Robertson realizes the seriousness of the offense and early termination of probation in this case will not, in any way, undermine the need for the sentence to promote respect for the law and provide just punishment. Again, Mr. Robertson did not possess the weapons in order to commit a crime or cause others harm. Yet, Mr. Robertson now has a felony conviction on his record and he was required to spend 24 months in custody. Given the penalties suffered by Mr. Robertson, terminating supervision at this juncture will not undermine the objectives of 18 U.S.C. §3553(a). The punishment which Mr. Robertson received for his involvement in the offense has afforded adequate deterrence. Because of the felony conviction, Mr. Robertson cannot possess any firearms in the future even though he previously collected guns.

Furthermore, terminating Mr. Robertson's supervised release after seventeen months is sufficient to protect the public from further crimes. Based upon his nature and character, there is no need to keep Mr. Robertson on supervision in order to protect the public. Mr. Robertson is 67 years old and he has been a law-abiding and productive citizen for many, many years who has endangered no one.

Finally, terminating Mr. Robertson's supervised release after seventeen months is an available sentence. According to the United States Probation Office, an individual is eligible for early termination of supervision provided that at least one year of supervision has been completed and all other conditions imposed, including payment of the special assessment and a fine, if any, have been

STIP. & ORDER TERMINATING
SUPERVISED RELEASE
- 3 -

satisfied. That is the case here. While Mr. Robertson has been on supervision, he has completed all of his requirements, including payment of the special assessment and fine. There have been no violations of his supervised release.

For these reasons, Mr. Robertson requests that the Court terminate his term of supervised release effective immediately. Mr. Robertson is being supervised by United States Probation Officer ["USPO"] Nicole Fairchild. Ms. Fairchild confirmed that Mr. Robertson has satisfied the requirements of his term of supervision and has no objection to his request for early termination.

DATED: November 29, 2005

/S/
JOYCE LEAVITT
Assistant Federal Public Defender

DATED: November 29, 2005

/S/
STEPHEN G. CORRIGAN
Assistant United States Attorney

DATED: November 29, 2005

/S/
NICOLE FAIRCHILD
United States Probation Officer

## SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures indicated by a "conformed" signature ("/S/") within this efiled document.

STIP. & ORDER TERMINATING
SUPERVISED RELEASE

-4-

## ORDER

GOOD CAUSE APPEARING, IT IS ORDERED that Wayne Robertson's term of supervised release is hereby terminated, pursuant to 18 U.S.C. § 3583(e)(1).

SO ORDERED.

DATED: 12/9, 2005

MARTIN J. JENKINS
United States District Judge

STIP. & ORDER TERMINATING
SUPERVISED RELEASE

- 5 -